<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

_____ Northern District of Texas _____
(State)

Case number (*If known*): _____   Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Impel Pharmaceuticals Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Impel NeuroPharma, Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 2 6 – 3 0 5 8 2 3 8 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **201 Elliot Avenue West**<br>Number    Street | <br>Number    Street |
| **Suite 260** | <br>P.O. Box |
| **Seattle**          **WA**    **98119**<br>City              State    ZIP Code | <br>City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| **King**<br>County | <br>Number    Street |
| | <br>City          State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.impelpharma.com** |

| Debtor | **Impel Pharmaceuticals Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3   2   5   4

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

✓ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | **Impel Pharmaceuticals Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
                                MM / DD / YYYY

District _____ When _____ Case number _____
                                MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor  See Schedule 1 _____  Relationship  Afilliate _____

District  Northern District of Texas _____  When  12/19/2023 _____
                                                          MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

_____
City                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

| Debtor | **Impel Pharmaceuticals Inc.** | | Case number (if known) |
|---|---|---|---|
| | Name | | |

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1–49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12  /  19  / 2 0 2 3
          MM / DD / YYYY

✗ _____          **Brandon Smith**
Signature of authorized representative of debtor          Printed name

Title **Chief Restructuring Officer**

---

| Debtor | **Impel Pharmaceuticals Inc.** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**18. Signature of attorney**     ✗   */s/ Rakhee V. Patel* _____     Date   __12/19/2023__

Signature of attorney for debtor                              MM/DD/YYYY

**Rakhee Patel** _____
Printed name

**Sidley Austin LLP** _____
Firm name

**2021 McKinney Ave, Suite 2000** _____
Number                 Street

**Dallas** _____     **Texas**      **75201** _____
City                                        State            ZIP Code

**(214) 981-3421** _____     **rpatel@sidley.com** _____
Contact phone                               Email address

**00797213**                        **Texas**
Bar number                          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Northern District of Texas_____
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an
amended filing

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Impel Pharmaceuticals Inc.

**Impel Pharmaceuticals Inc.**
**Impel NeuroPharma Australia Pty Ltd**

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS INC., | Case No. 23-_____ (___) |
| Debtor. | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __CIK1445499__

The following financial data is the latest available information and refers to the debtor's condition on __September 30, 2023__

| | | |
|---|---|---|
| Total assets | $ | 35,073,000 |
| Total debts (including debts listed in 2.c., below) | $ | 126,978,000 |
| Debt securities held by more than 500 holders | | |

| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

| | |
|---|---|
| Number of shares of preferred stock | **0** |
| Number of shares of common stock | **23,749,005** |

Comments, if any:   **Total assets and total debts are listed as set forth in the Debtor's unaudited balance sheet for fiscal period ended September 30, 2023.  To the Debtor's knowledge, the shares of common stock listed above are those outstanding as of September 30, 2023.**

Brief description of debtor's business:   **The Debtor is a commercial-stage biopharmaceutical company with a mission to develop transformative therapies for people suffering from diseases with unmet medical needs, including the acute treatment of migraine headaches via the Debtor's flagship drug—Trudhesa.**

List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**KKR Iris Investors; NORWEST VENTURE PARTNERS XIV LP; 5AM Ventures V, L.P.; Vivo Capital LLC; and Venbio Capital LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS INC., | Case No. 23-_____ (___) |
| Debtor. | |

## LIST OF REGISTERED EQUITY SECURITY HOLDERS[1]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix and (B) File a Consolidated List of 30 Largest Unsecured Creditors; (II) Waiving the Requirement to File a List of Equity Security Holders; (III) Authorizing the Debtors to Redact Certain Personal Identifying Information; (IV) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information; and (V) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS INC., | Case No. 23-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

   Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| KKR Iris Investors | 17.3% |
| NORWEST VENTURE PARTNERS XIV LP | 13.0% |
| 5AM Ventures V, L.P. | 12.1% |
| Vivo Capital LLC | 12.1% |
| Venbio Capital LLC | 11.6% |

## CERTIFICATE OF CORPORATE OFFICER

December 18, 2023

I, **Leonard S. Paolillo**, being the duly appointed **Interim President and Chief Executive Officer** of Impel Pharmaceuticals Inc. (the "**Company**") hereby certify as follows:

1.  I am a duly qualified and appointed officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

2.  Attached hereto is a true, correct, and complete copy of the resolutions of the board of directors of the Company, duly adopted and approved on December 18 , 2023, in accordance with the Company's corporate organizational documents; and

3.  Such resolutions have not been amended, altered, annulled, rescinded, modified or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 18 day of December, 2023.

Name:

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF
IMPEL PHARMACEUTICALS INC.**
(a Delaware corporation)

Pursuant to a special meeting (the "Meeting") of the board of directors (the "Board") of Impel Pharmaceuticals Inc., a Delaware corporation (the "Company"), at which a quorum was present, upon a motion duly made and seconded and acting pursuant to the Company's organizational documents, the members of the Board, constituting all of the directors then in office, took the following actions and adopted the following resolutions:

**WHEREAS**, pursuant to the Delaware General Corporation Law ("DGCL") and the Company's Amended and Restated Bylaws (the "Bylaws"), the Board is authorized to consent to, adopt, and approve the following resolutions and each and every action effected thereby;

**WHEREAS**, the Board has reviewed and considered the materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has determined that in light of the current circumstances of the Company and its subsidiary, it is in the best interests of the Company, its creditors, equity holders, subsidiaries, and employees that the Company have access to additional guidance, expertise, and assistance in the form of a Chief Restructuring Officer; and

**WHEREAS**, the Board has considered presentations from the Company's management and advisors concerning the potential appointment of a Chief Restructuring Officer for the Company and determined that it is in the best interests of the Company, its creditors, equity holders, subsidiaries, and employees that the Company retain Mr. Brandon Smith to provide services as their Chief Restructuring Officer (the "CRO"); and

**WHEREAS**, the Board has been provided with and given the opportunity to review a form of engagement letter for the CRO engagement and determined that the Company's execution of such engagement letter, including the indemnification and reimbursement provisions thereof, is reasonable and in the best interests of the Company, its creditors, equity holders, subsidiaries, and employees; and

**WHEREAS**, the Board deems it to be advisable and in the best interest of the Company to enter into that certain Asset Purchase Agreement by and among the Company and JN Bidco LLC, a Puerto Rico limited liability company, in substantially the form attached hereto as Exhibit A (the "Asset Purchase Agreement"), pursuant to which, among other things the Purchaser will purchase substantially all of the assets of the Company and assuming certain liabilities of the Company upon the terms and conditions of the Asset Purchase Agreement (the "Specified Transaction"); **WHEREAS**, the Board has reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing voluntary petitions for relief (the "Bankruptcy Petitions") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") and have had adequate

opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has determined, in its business judgment, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, other stakeholders, and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the applicable governing documents of the Company, the undersigned do hereby adopt the following resolutions:

1.  **Appointment of CRO**

**RESOLVED**, that Mr. Brandon Smith of Teneo Capital LLC is hereby appointed as the CRO of the Company;

**RESOLVED FURTHER**, that effective immediately, the Board hereby determines that Mr. Smith shall be deemed an "officer" of the Company within the meaning of Section 16 of, and Rule 16a-1(f) of the rules promulgated under, the Exchange Act and an "executive officer" of the Company within the meaning of Item 401(b) of Regulation S-K, Rule 3b-7 promulgated under the Exchange Act and Rule 405 promulgated under the Securities Act of 1933, as amended;

**RESOLVED FURTHER**, that the Company is hereby authorized to retain Teneo Capital LLC ("Teneo") to provide interim management services to the Company and to compensate Teneo for the provision of such services on the terms previously presented to the Board;

2.  **Approval of Asset Purchase Agreement**

**RESOLVED FURTHER**, that the form terms and provisions of the Asset Purchase Agreement, including all exhibits and schedules attached thereto (collectively, the "Specified Transaction Documents"), be and here are, determined to be fair, advisable and in the best interest of the Company and that the Asset Purchase Agreement be, and hereby is, adopted and approved in all respects;

**RESOLVED FURTHER**, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to execute and deliver the Asset Purchase Agreement and the Specified Transaction Documents, subject to such modifications thereto as the Board or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**RESOLVED FURTHER**, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to

the Asset Purchase Agreement and the Specified Transaction Documents.

3.      **Chapter 11 Filing**

**RESOLVED**, that the members of the Board have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances, and, as applicable, with consideration to the Company's public benefit purpose;

**RESOLVED FURTHER**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its interest holders, subsidiaries, creditors, other stakeholder, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") for the Company and any of its subsidiaries, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions (the chapter 11 cases initiated by the filing of the Bankruptcy Petitions, the "Chapter 11 Cases");

**RESOLVED FURTHER**, that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or obtain additional financing in accordance with the Bankruptcy Code.

4.      **Retention of Professionals**

**RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to retain the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) the law firm of Fenwick & West LLP as special corporate counsel (iii) the investment banking firm of Moelis & Company as investment banker; (iv) Omni Agent Solutions, as claims and noticing agent and administrative advisor; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals as such Authorized Person deems necessary, appropriate, or advisable to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby are, authorized and empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, or other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

## 5.     Use of Cash Collateral and Adequate Protection

**RESOLVED**, that the Company will obtain benefits from the use of its property, including cash collateral (as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral")), which is security for certain of the Company's prepetition secured lenders under certain credit facilities by and among the Company, the guarantors party thereto, and the lenders party thereto (the "Prepetition Secured Lenders");

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code (the "Adequate Protection Obligations"), as well as any additional or further agreements for the use of cash collateral in connection with the chapter 11 cases, which agreement(s) may require the Company to grant adequate protection and security interests to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED FURTHER**, that the Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations.

## 6.     Marketing Process and Sale

**RESOLVED**, that the Company, with the assistance of its Advisors, is authorized to continue its fulsome marketing and sale process during the Chapter 11 Cases, including contacting, discussing, negotiating, and soliciting offers from potential bidders, including conducting any auction in connection therewith, in order to receive the highest or otherwise best offer for the sale of the Company's Assets (collectively, the "**Sale Process**");

**RESOLVED FURTHER**, that in the judgment of the Company, it is desirable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest that each Company be, and hereby is, authorized to negotiate, execute, and enter into, all required documentation to consummate any sale transaction for the highest or otherwise best offer for the sale of any assets of each Company (the "**Sale Transaction(s)**") (including any stalking horse agreement, asset purchase agreements or any other agreements or documents

evidencing any such sale (collectively, the "**Purchase Agreement(s)**")), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

**RESOLVED FURTHER**, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to seek entry of an order or orders authorizing entry into any Purchase Agreement(s) and consummation of the Sale Transaction(s) contemplated thereby, all substantially in accordance with documents that have been presented or will be presented to the Board and/or filed with the Bankruptcy Court, subject to such modifications thereto as the Board or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance each Company's rights and obligations under any Purchase Agreement and/or the Sale Process, including filing of additional pleadings with the Bankruptcy Court; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions;

**RESOLVED FURTHER**, the Board hereby authorizes, adopts, approves, ratifies and confirms the Sale Transaction(s) and each Company's entry into the Purchase Agreement(s), and each of the documents and agreements contemplated under any Purchase Agreement (the "**Transaction Documents**") to which the Company is a party, and the performance of the Company's obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the Sale Transaction(s) contemplated thereby;

**RESOLVED FURTHER**, that each Authorized Person hereby is authorized and empowered to execute and deliver any Purchase Agreement(s), any Transaction Documents and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which each Company is to be a party or as are necessary or appropriate to consummate the Sale Transaction(s) contemplated by any Purchase Agreement(s) and the Transaction Documents, in the name and on behalf of each Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Person executing the same shall approve (the execution and delivery thereof by the Authorized Person to be conclusive evidence of such Authorized Person's approval of any such additions, deletions or changes);

**RESOLVED FURTHER**, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to

any Purchase Agreement(s) and the Transaction Documents;

**7.**     **Further Actions and Prior Acts**

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Chapter 11 Cases;

**RESOLVED FURTHER**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Boards.

**Exhibit A**

Asset Purchase Agreement
(available upon request)

**Fill in this information to identify the case:**

Debtor name  Impel Pharmaceuticals, Inc., et al.

United States Bankruptcy Court for the:  Northern District of Texas

Case number (If known):  _____

☐ Check if this is
an amended
filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Symphony Health 4130 ParkLake Ave. Suite 400 Raleigh, NC  27612 | Natalia Garcia, 52 55 4122 6141, natalia.garcia2@iconplc.com | Trade Debt | Liquidated | | | $482,358.75 |
| 2 | Good Apple P.O. Box 1695 Lakeville, CT  06039 | 646-450-7126, accounting@goodapple.com | Trade Debt | Liquidated | | | $292,661.03 |
| 3 | Pharmaceutical Data Services (PDS) 3000 Whitney Ave. Box 138 Hamden, CT  06518 | Jeremy Destito, 203-376-9803, jeremy.destito@gopds.net | Trade Debt | Liquidated | | | $201,500.00 |
| 4 | ASPN Pharmacies, LLC 200 Park Ave. Suite 300 Florham Park, NJ 07932 | Ronak Patel, 973-5648004, ronak.patel@asembia.com | Trade Debt | Liquidated | | | $120,000.00 |
| 5 | TrnDigital, LLC 200 Portland St  Floor 5 Boston,  MA  02114 | Shailendra Singh 860-460-6559, shailendra.singh@trndigital.com | Trade Debt | Liquidated | | | $82,113.90 |
| 6 | PPD Development 8551 Research Way, Suite 90, Middleton, WI 53562 | Gerald Maquera, 608-203-4020, gerald.maquera@ppd.com | Trade Debt | Liquidated | | | $78,770.80 |
| 7 | Amex 200 Vesey Street New York, NY 10285 | Shelly A. Laycock, 480-559-7268, shelley.a.laycock@aexp.com | Trade Debt | Liquidated | | | $70,000.00 |
| 8 | Cardinal Health 7000 Cardinal Place, Dublin, OH 43017 | Vivek Kumar, 614.553.4460, vivek.kumar05@cardinalhealth.com | Trade Debt | Liquidated | | | $69,626.22 |

Debtor **Impel Pharmaceuticals, Inc., et al.**

Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Phil, Inc<br>2443 Fillmore St. #380-1423 San Francisco, CA 94115 | Deepak Thomas,<br>deepak@phil.us | Trade Debt | Liquidated | | | $60,000.00 |
| 10 | Citeline<br>Caerus US 1 Inc.<br>1 Penn Plz Ste 2505<br>New York, NY 10119-2500 | David Ross<br>646.984.4007<br>david.ross@informa.com | Trade Debt | Liquidated | | | $56,921.70 |
| 11 | Med Communications, Inc.<br>5100 Poplar Ave.  Suite 450<br>Memphis,  TN  38137 | Kristi Pearson,<br> 901-578-3200,<br>kristi.pearson@medcomminc.com | Trade Debt | Liquidated | | | $53,276.00 |
| 12 | SHOP-PR LLC_TWELVENOTE<br>140 Broadway  28th Floor<br>New York,  NY  10005 | LaToria Jones,<br>703-258-9066,<br>ljones@lippetaylor.com | Trade Debt | Liquidated | | | $42,000.00 |
| 13 | Two Labs Holdings LLC<br>110 Riverbend Ave.  Suite 100<br> Powell  OH  43065 | Glenda Padilla<br> 614.822.7738<br>glenda.padilla@envisionpharma.com | Trade Debt | Liquidated | | | $35,290.30 |
| 14 | CPA Global<br>2318 Mill Road 12th Floor<br>Alexandria, VA 22314 | Jai Shekhawat  646-517-1527<br>jai.shekhawat@clarivate.com | Trade Debt | Liquidated | | | $33,378.32 |
| 15 | QPharma<br>22 South St.<br>Morristown,  NJ  07960 | Melissa Raygada,<br>973-656-0011,<br>Melissa.Raygada@qpharmacorp.com | Trade Debt | Liquidated | | | $33,069.64 |
| 16 | Integrichain<br>8 Penn Center 1628 JFK Blvd.  Suite 300  Philadelphia, PA  19103 | Jillian Smiley,<br>630-301-9608,<br>jsmiley@integrichain.com | Trade Debt | Liquidated | | | $32,000.00 |
| 17 | CFI Workspace<br>7001 N. Park Dr.<br>Pennsauken, NJ  08109 | Barbara Dockery<br>215.279.9410  ext 410<br>bdockery@cfiworkspace.com | Trade Debt | Liquidated | | | $31,290.56 |
| 18 | Donnelley Financial Solutions<br>35 W. Wacker Drive<br>Chicago IL  60601 | Anne Livingston<br>855.542.9011<br>accounts-receivable@dfinsolutions.com | Trade Debt | Liquidated | | | $31,060.88 |
| 19 | CCG Corporate Mailings, Inc.<br>14 Henderson Dr,<br>West Caldwell, NJ 07006 | Annamarie Palk<br>973.808.0009 ext, 2102<br>a_dannacher@corpcomm.com | Trade Debt | Liquidated | | | $29,956.62 |
| 20 | Juice Pharma Worldwide<br>132 West 31st St.<br>New York, NY  10001 | Chi Cheung<br>212-367-2416,<br>ccheung@juicepharma.com | Trade Debt | Liquidated | | | $26,000.00 |

Debtor   <u>Impel Pharmaceuticals, Inc., et al.</u>
       Name

Case number *(if known)* _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Clinigen CSM, Inc 342 42nd St. S. Fargo, ND  58103 | Nick Leary 267.603.5566 nicholas.leary@clinigengroup.com | Trade Debt | Liquidated | | | $25,156.66 |
| 22 | Carepoint Healthcare LLC 9 Commerce Drive, Schaumburg, IL 60173 | Bhavesh Patel 855.237.9112 bpatel@carepointrx.com | Trade Debt | Liquidated | | | $25,000.00 |
| 23 | Imprint Science 3 Columbus Circle  Floor 7 New York  NY  10019-8750 | Leela Ramdas 212.614.5088 Leelawattee.Ramdas@vmlyr.com | Trade Debt | Liquidated | | | $17,684.01 |
| 24 | Healthcare Alliance Group 101 Laurel Road, Suite 100 Voorhees, NJ 08043 | Jill Kowalew 215.262.8047 jkowalew@rmcom.net | Trade Debt | Liquidated | | | $14,914.98 |
| 25 | Mainehealth One Dana Court Westbrook  ME  04092 | Melanie Hounchell 513.885.7435 Melanie.Hounchell@mainehealth.org | Trade Debt | Liquidated | | | $14,357.00 |
| 26 | CobbleStone Systems Corp 428 S White Horse Pike Lindenwold,  NJ  08021 | Matthew Hughes 866.330.0056  ext 1111 mhughes@cobblestonesoftware.com | Trade Debt | Liquidated | | | $13,894.25 |
| 27 | InsightSoftware 8529 Six Forks Road  Ste 300  Raleigh  NC  27615 | Christine Sadorra 919.872.7800 christine.sadorra@insightsoftware.com | Trade Debt | Liquidated | | | $12,107.99 |
| 28 | Marketo 901 Mariners Island Blvd. Suite 500 San Mateo,  CA  94404 | Nick Moore 970.390.9173 nmoore@adobe.com | Trade Debt | Liquidated | | | $10,074.81 |
| 29 | UW Center for Comotion 4545 Roosevelt Way NE #400, Seattle, WA 98105 | Dennis A. Hanson, PhD, 206.543.0430, hansonda@uw.edu | Trade Debt | Liquidated | | | $10,000.00 |
| 30 | PSKW, LLC (ConnectiveRx) P.O. Box 825135 Philadelphia,  PA  19182-5147 | Lea Quizon 908-809-6154, lea.quizon@connectiverx.com | Trade Debt | Liquidated | | | $8,150.00 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Impel Pharmaceuticals Inc.** |
| United States Bankruptcy Court for the: | **Northern District of Texas** |
| | (State) |
| Case number (If known): | |

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document(s) that requires a declaration **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12 / 19 / **2023**              _____

          MM/ DD/YYYY              Signature of individual signing on behalf of debtor

                        **Brandon Smith**
                        Printed name

                        **Chief Restructuring Officer**
                        Position or relationship to debtor

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**