| | |
|---|---|
| SIDLEY AUSTIN LLP<br>Samuel A. Newman (*pro hac vice* pending)<br>555 West Fifth Street<br>Los Angeles, California 90013<br>Telephone:     (213) 896-6000<br>Facsimile:      (213) 896-6600<br>Email:             sam.newman@sidley.com<br><br>SIDLEY AUSTIN LLP<br>Jackson T. Garvey (*pro hac vice* pending)<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:     (312) 853-7000<br>Facsimile:      (312) 853-7036<br>Email:             jgarvey@sidley.com | SIDLEY AUSTIN LLP<br>Rakhee V. Patel (TX Bar No. 00797213)<br>Nathan Elner (*pro hac vice* pending)<br>Parker G. Embry (TX Bar No. 24126826)<br>Chelsea McManus (TX Bar No. 24131499)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone:     (214) 981-3300<br>Facsimile:      (214) 981-3400<br>Email:             rpatel@sidley.com<br>                       nelner@sidley.com<br>                       parker.embry@sidley.com<br>                       cmcmanus@sidley.com |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>IMPEL PHARMACEUTICALS INC.,<br><br>Debtor.<br><br>Tax I.D. No. 26-3058238 | Chapter 11<br><br>Case No. 23-80016 (SGJ) |
| In re:<br><br>IMPEL NEUROPHARMA AUSTRALIA PTY LTD,<br><br>Debtor.<br><br>Tax I.D. No. N/A | Chapter 11<br><br>Case No. 23-80015 (SGJ) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 9:30 a.m. prevailing Central Time on December 21, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is**

> requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.
>
> **A hearing will be conducted on this matter on December 21, 2023 at 9:30 a.m. prevailing Central Time in Courtroom 1, floor 14, 1100 Commerce Street, Dallas, TX 75242-1496.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207. Video communication will be by use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page. The meeting code is 479 393 582. Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jernigan's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") state as follows in support of this motion:

### Relief Requested

1. The Debtors request entry of an order, substantially in the form attached hereto (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Impel Pharmaceuticals Inc., Case No. 23-80016 and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| In re: | Chapter 11 |
|---|---|
| IMPEL PHARMACEUTICALS INC., *et al.*[1] | Case No. 23-80016 (SGJ) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in this chapter 11 case, together with the last four digits of each Debtor's federal tax identification number, are: Impel Pharmaceuticals Inc. (8238) and Impel NeuroPharma Australia Pty Ltd (N/A). The Debtors' service address is 201 Elliot Avenue West, Suite 260, Seattle, WA 98119.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of the chapter 11 case for Debtor Impel NeuroPharma Australia Pty Ltd, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration for procedural purposes of the chapter 11 cases of each of the following: Impel Pharmaceuticals Inc., Case No. 23-80016 and Impel NeuroPharma Australia Pty Ltd, Case No. 23-80015. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 23-80016 (SGJ).**

### Jurisdiction and Venue

4. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court's entry of a final order in connection with this motion.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and other bases for the relief requested in this Motion are rule 1015(b) of the Bankruptcy Rules and rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Local Rules").

### Background of The Debtors

7. Impel Pharmaceuticals Inc. ("Impel") is a commercial-stage biopharmaceutical company with a mission to develop transformative therapies for people suffering from diseases

4

with high unmet medical needs, including the acute treatment of migraine headaches via Impel's flagship drug—Trudhesa.

8. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors and their business, including facts and circumstances giving rise to these chapter 11 cases is set forth in the First Day Declaration,[1] filed contemporaneously with this motion and incorporated by reference herein.

9. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

**Basis For Relief Requested**

10. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Impel NeuroPharma Australia Pty Ltd is an "affiliate," as that term is defined under section 101(2) of the Bankruptcy Code, of Impel Pharmaceuticals Inc. Accordingly, the Court is authorized to grant the requested relief. Bankruptcy Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases. The Debtors have filed this Motion in compliance with the Bankruptcy Local Rules and the Complex Case Procedures.

---

[1] Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the *Declaration of Brandon Smith, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Proceedings* (the "First Day Declaration").

5

11. On the date hereof, the Debtors commenced the two chapter 11 cases referenced above by filing petitions for voluntary relief with the Court. Given the provisions of the Bankruptcy Rules and the Bankruptcy Local Rules and the Debtors' affiliation with one another, joint administration of the chapter 11 cases is warranted and would provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration would avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings, and orders in the chapter 11 cases will affect each Debtor and its respective estate. The rights of creditors would not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor shall still file its claim against a particular estate. In fact, all creditors would benefit by the reduced costs that would result from the joint administration of the chapter 11 cases. The Court also would be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the chapter 11 cases by the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") would be simplified.

12. Joint administration is generally non-controversial, and courts routinely order joint administration in cases with multiple related debtors. The relief requested in this Motion has been granted in other large and complex chapter 11 cases in this District. *See, e.g.*, *In re Tuesday Morning*, Case No. 23-90001 (ELM) (Bankr. N.D. Tex. Feb. 16, 2023) [Docket No. 107] (authorizing joint administration); *In re Sunland Medical Foundation*, Case No. 23-80000 (MVL) (Bankr. N.D. Tex. Aug. 31, 2023) [Docket No. 37] (same); *Northwest Senior Housing Corporation*, Case No. 22-30659 (MVL) (Bankr. N.D. Tex. April 19, 2022) [Docket No. 88]

(same); *In re Studio Movie Grill Holdings, LLC*, No. 20-32622 (SGJ) (Bankr. N.D. Tex. Oct. 27, 2020) [Docket No. 48] (same); *In re Tuesday Morning*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 28, 2020) [ECF No. 66] (same); *In re Diamondback Industries, Inc.*, Case No. 20-41504 (ELM) (Bankr. N.D. Tex. April 28, 2020) [ECF No. 41] (same); *In re PHI, Inc.*, Case No. 19-30923 (HDH) (Bankr. N.D. Tex. Mar 19, 2019) [ECF No. 57] (same).

13. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors. This information is available on each of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and would ease the administrative burden on the Debtors.

14. In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly-administered Debtors.

15. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

**Emergency Consideration**

16. Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Failure to receive the relief requested in this motion during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture

7

jeopardizing the Debtors' ability to run a value maximizing sale process for the benefit of its creditors and parties in interest. The Debtors have satisfied the "immediate and irreparable" harm standard in Bankruptcy Rule 6003 and request that the Court approve the relief requested on an emergency basis.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

17. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h), which is necessary to implement the relief requested in this motion.

### Notice

18. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) Oaktree Fund Administration, LLC as agent to the Debtors' secured lenders, and counsel thereto; (d) the United States Attorney's Office for the Northern District of Texas; (e) the Food and Drug Administration; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

[*Remainder of page intentionally left blank.*]

The Debtors request entry of the Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: December 19, 2023
Dallas, Texas

**SIDLEY AUSTIN LLP**

/s/ *Rakhee V. Patel*
Samuel A. Newman (*pro hac vice* pending)
555 West Fifth Street
Los Angeles, California 90013
Telephone:   (213) 896-6000
Facsimile:    (213) 896-6600
Email:           sam.newman@sidley.com

Rakhee V. Patel (TX Bar No. 00797213)
Nathan Elner (*pro hac vice* pending)
Parker G. Embry (TX Bar No. 24126826)
Chelsea McManus (TX Bar No. 24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:   (214) 981-3300
Facsimile:    (214) 981-3400
Email:           rpatel@sidley.com
                    nelner@sidley.com
                    parker.embry@sidley.com
                    cmcmanus@sidley.com

Jackson T. Garvey (*pro hac vice* pending)
One South Dearborn
Chicago, IL 60603
Telephone:   (312) 853-7000
Facsimile:    (312) 853-7036
Email:           jgarvey@sidley.com

*Proposed Counsel to the Debtors and Debtors in Possession*

9

## Certificate of Service

      I certify that, on December 19, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                    /s/ *Rakhee V. Patel*
                    Rakhee V. Patel

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS INC., | Case No. 23-80016 (SGJ) |
| Debtor. | |
| Tax I.D. No. 26-3058238 | |
| In re: | Chapter 11 |
| IMPEL NEUROPHARMA AUSTRALIA PTY LTD, | Case No. 23-80015 (SGJ) |
| Debtor. | |
| Tax I.D. No. N/A | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[1] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1, directing the joint administration of the chapter 11 cases for procedural purposes only, as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The above referenced cases are jointly administered for procedural purposes only and shall be jointly administered by the Court under the case number assigned to Impel Pharmaceuticals Inc., Case No. 23-80016 (SGJ). All of the jointly administered cases are assigned to Chief Judge Stacey G. C. Jernigan.

2. Additionally, the following checked items are ordered:

   a. ☒ One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

   b. ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

2

  c. ☒ Other: See below.

3. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| In re: | Chapter 11 |
|---|---|
| IMPEL PHARMACEUTICALS INC., *et al.*[1] | Case No. 23-80016 (SGJ) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in this chapter 11 case, together with the last four digits of each Debtor's federal tax identification number, are: Impel Pharmaceuticals Inc. (8238) and Impel NeuroPharma Australia Pty Ltd (N/A). The Debtors' service address is 201 Elliot Avenue West, Suite 260, Seattle, WA 98119.

4. A docket entry, substantially similar to the following, shall be entered on the docket of the chapter 11 case for Debtor Impel NeuroPharma Australia Pty Ltd substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration for procedural purposes of the chapter 11 cases of each of the following: Impel Pharmaceuticals Inc., Case No. 23-80016 and Impel NeuroPharma Australia Pty Ltd, Case No. 23-80015. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 23-80016 (SGJ).**

5. The requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors is waived.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Northern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for the chapter 11 cases.

7. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

Submitted By:

**SIDLEY AUSTIN LLP**

Samuel A. Newman (*pro hac vice* pending)
555 West Fifth Street
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: sam.newman@sidley.com

Rakhee V. Patel (TX Bar No. 00797213)
Nathan Elner (*pro hac vice* pending)
Parker G. Embry (TX Bar No. 24126826)
Chelsea McManus (TX Bar No. 24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: rpatel@sidley.com
nelner@sidley.com
parker.embry@sidley.com
cmcmanus@sidley.com

Jackson T. Garvey (*pro hac vice* pending)
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: jgarvey@sidley.com

*Proposed Counsel to the Debtors and Debtors in Possession*