MILLER NASH LLP
Ryan C. Hall (TX Bar No. 24099837)
John R. Knapp, Jr. (*pro hac vice* pending)
605 5th Ave S, Ste 900
Seattle, WA 98104
Telephone:     206.624.8300
Facsimile:      206.340.9599
Email:            ryan.hall@millernash.com
Email:            john.knapp@millernash.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS INC., *et al.*,[1] | Case No. 23-80016 (SGJ) |
| Debtors. | (Jointly Administered) |

## LIMITED OBJECTION OF PCI PHARMA SERVICES TO NOTICE OF CURE AMOUNTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE TRANSACTION

PCI Pharma Services[2] ("PCI"), by and through the undersigned attorneys, hereby files this limited objection to the *Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale Transaction* [Dkt. # 104] (the "Cure Notice"). PCI respectfully states as follows in support of this Objection:

1.     On December 20, 2023 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

---

[1] The Debtors in this chapter 11 case, together with the last four digits of the Debtor's federal tax identification number are: Impel Pharmaceuticals Inc. (8238); and Impel NeuroPharma Australia Pty Ltd (N/A). The Debtors' service address is 201 Elliott Ave West, Suite 260, Seattle, WA 98119.

[2] PCI Pharma Services is a dba for AndersonBrecon Inc. and Pharmaceutical Packaging Professionals Pty Ltd—A PCI Pharma Services Company, among other entities.

2. On January 5, 2024, the Debtors filed the Cure Notice. Schedule A to the Cure Notice identifies the following items under the heading "Contract Title per Company" associated with "Vendor" names that are similar and presumably intended to refer to PCI, the entities it encompasses, and its contracts with the Debtors:

    a. "AndersonBrecond [sic], Inc.": Commercial Services Quality Agreement and Commercial Packaging Agreement; and

    b. "AndersonBrecon Inc. (PCI Pharma's Rockford, IL site)": Statement of Work #2.

3. PCI requests that the Debtors provide PCI's counsel with copies of these items so that PCI can confirm they match PCI's records and are complete and accurate.

4. Under the heading "Total" in Exhibit A to the Cure Notice with respect to these items, the Debtors are proposing the Court determine that a total of $0.00 is owed with respect to those contracts. (*See* Cure Notice, Ex. A, at 9 & 11 of 19.)

5. PCI provides packaging services to the Debtors pursuant to a Commercial Packaging Agreement dated April 23, 2020, between Impel NeuroPharma, Inc. and AndersonBrecon, Inc., including a Quality Agreement dated February 3, 2021, as amended by that certain Amendment No. 1 to Commercial Packaging Agreement dated October 31, 2022, between Impel Pharmaceuticals Inc. (f/k/a Impel NeuroPharma, Inc.) (collectively, the "Packaging Agreement"). It appears that the Cure Notice may be referring to the Packaging Agreement with "Commercial Services Quality Agreement" and "Commercial Packaging Agreement."

6. PCI also has provided manufacturing services to the Debtors pursuant to a Master Services Agreement dated June 15, 2017, between Pharmaceutical Packaging Professionals Pty

Ltd. and Impel Neuropharma Inc., Statement of Work dated July 7, 2017, between Pharmaceutical Packaging Professionals Pty Ltd. and Impel Neuropharma, Inc., Statement of Work Number 2 dated September 25, 2017, between Pharmaceutical Packaging Professionals Pty Ltd. and Impel Neuropharma, Inc., and Statement of Work Number 3 dated September 25, 2017, between Pharmaceutical Packaging Professionals Pty Ltd. and Impel Neuropharma, Inc. (collectively, the "MSA"). It appears that the Cure Notice may be referring to the MSA with "Statement of Work #2," at least in part.

7. Each of the Packaging Agreement and the MSA, together with their respective components, is an entire executory contract. PCI is continuing to review its records to confirm whether there are any other components to the Packaging Agreement and the MSA or other executory contracts with the Debtors. PCI is also in the process of determining the correct cure amounts, if any, and will supplement this limited objection when it has done so.

8. PCI objects to the Cure Notice on a limited basis because, among other things, any assumption and assignment will need to reflect the correct counterparty name, fully identify the contract being assumed and assigned, and provide for prompt payment of the actual Cure Amount that is owed as of the time of assumption and assignment. *See* 11 U.S.C. § 365(b)(1). The references to the Vendor, Contract Title per Company, and Total on pages 9 and 11 of 19 of Exhibit A to the Cure Notice should be updated with the correct and complete information for PCI, the Packaging Agreement, and the MSA, and as Cure Amounts become known. Assumption and assignment of the executory contracts must be *in toto*, including the Packaging Agreement, the MSA, and all of their components.

9. PCI reserves all rights consistent with its agreements and applicable law, including without limitation to amend, supplement, and/or modify this limited objection; to

assert additional amounts owing under the contracts, including without limitation any attorneys' fees and costs; to consent to assumption and assignment, and to file additional appropriate pleadings in the future. Because PCI's services are ongoing, with invoices issued and payments received by PCI on a rolling basis, PCI cannot presently determine the amount that will ultimately be necessary to cure monetary defaults under the contracts at the time the contracts are assumed and assigned. Pending assumption and assignment of the contracts, the amount attributable to services from and after the Petition Date constitutes an administrative expense claim against the Debtors.

10. PCI also requests that the Debtors provide its counsel with all evidence of adequate assurance of future performance.

WHEREFORE, PCI respectfully requests that Exhibit A to the Cure Notice and any order assuming or assigning any contracts address PCI's concerns outlined above and that the Court grant such other and further relief as is just and proper.

Dated: January 26, 2024

By: */s/ Ryan C. Hall*
Ryan C. Hall (TX Bar No. 24099837)
John R. Knapp, Jr. (*pro hac vice* pending)
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Telephone: 206.624.8300
Facsimile: 206.340.9599
Email: ryan.hall@millernash.com
Email: john.knapp@millernash.com

Attorneys for Creditor
PCI Pharma Services

## CERTIFICATE OF SERVICE

I hereby certify that, on January 26, 2024, a true and correct copy of the foregoing document was served by electronic transmission to all registered ECF users appearing in the case and by email on the following:

Rakhee V. Patel (rpatel@sidley.com)

Jackson T. Garvey (jgarvey@sidley.com)

Alan Smith (acsmith@fenwick.com)

Ethan Skerry (eskerry@fenwick.com)

Matthew McCabe (mmccabe@fenwick.com)

Lisa L. Lambert (Lisa.L.Lambert@usdoj.gov)

Scott Kitei (skitei@honigman.com)

Aaron Kaufman (akaufman@grayreed.com)

                                                    */s/ Ryan C. Hall*
                                                    Ryan C. Hall

4865-1195-5360.1