**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS, INC., *et al.*[1] | Case No. 23-80016 (SGJ) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF RAY CANOLE IN SUPPORT
OF THE DEBTORS' MOTION FOR AN ORDER APPROVING THE
SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, AND INTERESTS TO JN BIDCO LLC**

Ray Canole declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. My name is Ray Canole. I am over the age of eighteen and am fully competent to make this Declaration. I have never been convicted of a felony or crime of dishonesty or moral turpitude.

2. I have personal knowledge of the facts stated herein.

3. I am the chief executive officer of JN Bidco LLC, a Puerto Rico limited liability company (the "Buyer").

4. As the chief executive officer of the Buyer, I can confirm that the Buyer has the authority to enter into the sale transaction described in the *Notice of Selection of Winning Bid* [Docket No. 186]. I have the full power and authority to execute, deliver, and consummate the

---

[1] The Debtors in this chapter 11 case, together with the last four digits of the Debtors' federal tax identification number, are: Impel Pharmaceuticals Inc. (8238); and Impel NeuroPharma Australia Pty Ltd (N/A). The Debtors' service address is 201 Elliot Avenue West, Suite 260, Seattle, WA 98119.

Stalking Horse APA and all other documents contemplated thereby on behalf of the Buyer.[2]

5. As part of the Debtors' sale process, I negotiated the Stalking Horse APA that contemplated the purchase of substantially all of the Debtors' assets. In the Stalking Horse APA, the assets being acquired for the stated consideration include, without limitation, the Trudhesa Assets, the POD Technology Assets, all supplies and other inventories used in the Business, Owned Intellectual Property Assets, equipment, accounts receivable, various related agreements, and other assets as specifically defined in the Stalking Horse APA.

6. The Stalking Horse APA was negotiated without collusion, in good faith, and at arms' length among the Debtors and the Buyer.

7. All the terms and conditions in the Stalking Horse APA are an integral part of the Stalking Horse APA.

8. The Buyer is not an "insider" or "affiliate" of the Debtors as those terms are defined in the Bankruptcy Code. Neither the Buyer nor any of its affiliates or agents have any connection or agreements with the Debtors, and neither the Debtors nor the Buyer has engaged in any conduct that would cause or permit the application of section 363(n) of the Bankruptcy Code to the sale that is described herein or to the Stalking Horse APA or any of the transaction documents and related instruments contemplated thereunder.

9. The Buyer is purchasing the assets in good faith and is a good faith Buyer within the meaning of section 363(m) of the Bankruptcy Code. The Buyer has proceeded in good faith in all respects in connection with the sales process, including, but not limited to, complying with

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Order (I)(A) Approving the Bid Procedures; (B) Authorizing the Debtors to Select JN Bidco LLC as the Stalking Horse Purchaser Substantially Along the Terms Defined in the Stalking Horse APA and Approving Bid Protections; (C) Establishing Bid Deadlines, an Auction, and a Sale Hearing; (D) Approving the Form and Manner of Sale Notice; (E) Approving Assignment and Assumption procedures; (F) Approving the Form and Manner of Potential Assumption and Assignment Notice; (II)(A) Authorizing the Sale of the Assets Free and Clear; and (B) Approving the Assumption and Assignment of Designated Contracts; and (III) Granting Related Relief* [Docket No. 137] (the "Bidding Procedures Order").

the provisions in the Bidding Procedures Order and disclosing all agreements and all payments to be made by the Buyer with respect to the transactions set forth in the Stalking Horse APA. The Buyer is therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

10. The Buyer would not have entered into the Stalking Horse APA and will not consummate the transaction described therein (thus adversely affecting the bankruptcy estates and their creditors) if the assets specified in the Stalking Horse APA are not sold free and clear of any and all liens, claims, and encumbrances, including the liens asserted by the Debtors' prepetition lenders.

11. The Buyer has the financial ability to close on the Transaction. The Buyer is owned by a privately held healthcare holding company whose operating companies employ more than 80 people in the United States and Puerto Rico across multiple facilities encompassing more than 75,000 square feet. These portfolio companies operate in pharmaceutical and nutraceutical packaging, pharmaceutical marketing and distribution, as well as patient affordability solutions.

12. If the Court approves the Transaction on the terms contained in the Stalking Horse APA and the proposed Sale Order, the Buyer intends to close on the Transaction on or before the February 12, 2024 anticipated closing date set forth in the Bidding Procedures Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief.

Dated:  January 30, 2024

JN Bidco LLC,
a Puerto Rico limited liability company

By: */s/ Ray Canole*
   Ray Canole,
   Chief Executive Officer

4865-5554-4225