SIDLEY AUSTIN LLP
Samuel A. Newman (admitted *pro hac vice*)
555 West Fifth Street
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: sam.newman@sidley.com

SIDLEY AUSTIN LLP
Jackson T. Garvey (admitted *pro hac vice*)
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: jgarvey@sidley.com

SIDLEY AUSTIN LLP
Rakhee V. Patel (TX Bar No. 00797213)
Nathan C. Elner (admitted *pro hac vice*)
Parker G. Embry (TX Bar No. 24126826)
Chelsea M. McManus (TX Bar No. 24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: rpatel@sidley.com
nelner@sidley.com
parker.embry@sidley.com
cmcmanus@sidley.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS, INC., *et al.*[1] | Case No. 23-80016 (SGJ) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF ASHISH
CONTRACTOR IN SUPPORT OF THE DEBTOR'S MOTION
FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

Pursuant to 28 U.S.C. § 1746, I, Ashish Contractor, hereby declare under penalty of perjury that the following is true and correct to the best of my information, knowledge, and belief:

1. I am a Managing Director at Moelis & Company LLC ("Moelis"), a leading international investment banking and financial advisory firm (NYSE: MC) that has its principal office at 399 Park Avenue, 4th Floor, New York, New York 10022, and approximately 1,100

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification numbers, are: Impel Pharmaceuticals Inc. (8238); and Impel NeuroPharma Australia Pty Ltd (N/A). The Debtors' service address is 201 Elliot Avenue West, Suite 260, Seattle, WA 98119.

employees in locations around the world. Moelis serves as the investment banker to the Debtors in the above-captioned chapter 11 cases [Docket No. 144].

2. On December 20, 2023, I submitted a declaration [Docket No. 18, Exh. B] (the "Initial Declaration")[2] in support of the *Debtors' Motion for Entry of an Order (I)(A) Approving the Bid Procedures; (B) Authorizing the Debtors to Select JN Bidco LLC as the Stalking Horse Purchaser Substantially Along the Terms Defined in the Stalking Horse APA and Approving Bid Protections; (C) Establishing Bid Deadlines, an Auction, and a Sale Hearing; (D) Approving the Form and Manner of Sale Notice; (E) Approving Assignment and Assumption Procedures; (F) Approving the Form and Manner of Potential Assumption and Assignment Notice; (II)(A) Authorizing the Sale of the Assets Free and Clear; and (B) Approving the Assumption and Assignment of Designated Contracts; and (III) Granting Related Relief* (the "Bid Procedures Motion") [Docket No. 18]. On January 11, 2024, the Court entered an order approving the Bid Procedures Motion (the "Bid Procedures Order") [Docket No. 137].

3. I submit this supplemental declaration (this "Supplemental Declaration") in support of the entry of the Debtors' proposed order approving the Sale Transaction [Docket No. 187] (the "Proposed Sale Order").

4. I am authorized to execute this Supplemental Declaration on the Debtors' behalf in support of the relief requested in the Proposed Sale Order. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge or opinion, information learned from my review of relevant documents, and information I received from the Debtors representatives and professionals. If I were called to testify, I could and would testify to the facts set forth herein.

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Initial Declaration.

2

5. As set forth in the Initial Declaration, the Debtors, in coordination with Moelis, conducted a robust prepetition marketing process for the sale of substantially all of the Debtors' assets (the "Assets"), which ultimately lead to the execution of a purchase agreement with JN Bidco LLC (the "Stalking Horse Purchaser") as the stalking horse bidder for the Assets, on the terms and subject to the conditions more fully described under the Stalking Horse APA attached to the Bid Procedures Motion (the "Stalking Horse Bid"). I believe that entry into the Stalking Horse APA represented the best means to achieve the best available value of the Debtors' estates for all stakeholders.

6. Moelis continued to interface with potential bidders for the Assets during the postpetition period to solicit higher or otherwise better proposals from third parties and to facilitate an auction for the Assets, as necessary. During this postpetition period, Moelis continued to progress discussions with parties that were actively involved in the prepetition marketing process and also reached out to additional potential parties that did not exhibit interest during the prepetition outreach process. However, as of the bid deadline of January 23, 2024 at 4:00 p.m. (CT), the Debtors did not receive any qualified bids other than the Stalking Horse Bid.

7. Following the bid deadline, the Debtors, Moelis, and the Debtors' other professionals continued to work with bidders who had submitted an unqualified bid or did not submit a timely bid in an attempt to create a competitive auction. Ultimately the Debtors, after consultation with their professionals and the Consultation Parties (as defined in the Bid Procedures Order), determined that executing the amendment to the Stalking Horse APA [Docket No. 187] (the "First Amendment to Stalking Horse APA") and cancelling the auction [Docket No. 183] would achieve the best available value of the Assets.

8. I believe that the Debtors, with the assistance of their advisors, conducted the marketing and sale process for the Assets in a manner that was thorough, fair, designed to achieve the best available value for the Debtors' estates for all stakeholders and in compliance with the Bid Procedures Order and the Bid Procedures in all material respects.

9. All parties that expressed a potential interest in the Assets were afforded a full and equal opportunity to conduct diligence and submit offers for the Assets and to object or otherwise be heard with respect to the sale process. I believe that at all times, the Debtor's negotiations and discussions with the potential bidders for the Assets were conducted in good faith and at arm's length and by parties who were (or had the opportunity to be) represented by their own counsel and advisors.

10. I believe that the Stalking Horse Purchaser, Moelis, the Debtors, and the Debtors' other professionals acted in good faith throughout the sale process. I am not aware of any communications between the Stalking Horse Purchaser and any other potential bidders for the Assets.

11. Additionally, I believe that the sale of the Assets to the Stalking Horse Purchaser pursuant to the terms of the Stalking Horse APA, as amended by the First Amendment to Stalking Horse APA, is in the best interest of the Debtors, their estates, and their creditors because the Stalking Horse Bid is the highest or otherwise best offer available for the Assets and will result in the best available recoveries for the Debtors' creditors. In light of the Debtor's comprehensive sale and marketing process pre- and postpetition, I do not believe that further marketing of the Assets or an extension of the Bid Deadline would have resulted in higher or otherwise better offers for the Assets, and I believe that the Assets were properly exposed to the market. Based on the foregoing, I believe that the Debtors have a sound business justification for entering into the First

4

Amendment to the Stalking Horse APA and Stalking Horse APA and consummating the sale of the Assets to the Stalking Horse Purchaser.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true correct to the best of my knowledge, information and belief.

Date: January 31, 2024

_____
Ashish Contractor
Managing Director