SIDLEY AUSTIN LLP
Samuel A. Newman (admitted *pro hac vice*)
555 West Fifth Street
Los Angeles, California 90013
Telephone:    (213) 896-6000
Facsimile:    (213) 896-6000
Email:         sam.newman@sidley.com


SIDLEY AUSTIN LLP
Jackson T. Garvey (admitted *pro hac vice*)
One South Dearborn
Chicago, IL 60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
Email:         jgarvey@sidley.com

SIDLEY AUSTIN LLP
Rakhee V. Patel (TX Bar No. 00797213)
Nathan C. Elner (admitted *pro hac vice*)
Parker G. Embry (TX Bar No. 24126826)
Chelsea M. McManus (TX Bar No. 24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    (214) 981-3300
Facsimile:    (214) 981-3400
Email:         rpatel@sidley.com
                nelner@sidley.com
                parker.embry@sidley.com
                cmcmanus@sidley.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS INC., *et al.*,[1] | Case No. 23-80016 (SGJ) |
| Debtors. | (Jointly Administered) |

## DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN LEASES OF NON-RESIDENTIAL REAL PROPERTY, EFFECTIVE AS OF FEBRUARY 29, 2024, AND (B) ABANDON CERTAIN PERSONAL PROPERTY, AND (II) GRANTING RELATED RELIEF

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no more than twenty-four (24) days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (24) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on April 1, 2024 at 9:30 a.m. prevailing Central Time in Courtroom 1, floor 14, 1100 Commerce Street, Dallas, TX 75242-1496.**

**You may participate in the hearing either in person or by an audio and video connection.**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  Impel Pharmaceuticals Inc. (8238); and Impel NeuroPharma Australia Pty Ltd (N/A).  The Debtors' service address is 280 Park Avenue, New York, New York 10017.

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207. Video communication will be by use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page. The meeting code is 479 393 582. Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jernigan's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") state as follows in support of this motion:

## Relief Requested

1.      The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to (a) reject certain unexpired leases (as amended from time to time, the "Leases") set forth on Exhibit 1 to the Order (collectively, the "Properties") effective as of February 29, 2024 (the "Rejection Date"), and (b) to abandon certain equipment, fixtures, furniture, or other personal property (the "Personal Property"), and (ii) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court's entry of a final order in connection with this motion.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections are sections 365(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 6006 and 9014.

**Background of the Debtors**

5.      Impel Pharmaceuticals Inc. ("Impel") is a commercial-stage biopharmaceutical company with a mission to develop transformative therapies for people suffering from diseases with high unmet medical needs, including the acute treatment of migraine headaches via Impel's flagship drug—Trudhesa.

6.      On December 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

7.      A comprehensive description of the Debtors' businesses and operations, capital structure, and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Brandon Smith, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Proceedings [Docket No. 15] (the "First Day Declaration").[2]

**The Rejected Lease Agreements**

8.      On July 19, 2017, Debtor Impel Pharmaceuticals Inc. entered into an agreement to lease office and laboratory space located at 201 Elliot Ave. W, Seattle, Washington 98119, for its headquarters and operations (the "Seattle Lease").  On June 16, 2020, the Seattle Lease was amended to extend the term of the Seattle Lease for an additional two years and amend certain

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

terms of the agreement.  On November 16, 2021, the Seattle Lease was further amended to extend the term of the Seattle Lease an additional two years and further amend certain additional terms of the lease.  The Seattle Lease is currently set to expire on August 31, 2024.  In 2023, the Debtors paid approximately $59,000 per month in rent, plus expenses under the Seattle Lease.

9.      On April 27, 2022, Debtor Impel Pharmaceuticals Inc. entered into an agreement to lease office space located at 101 Lindenwood Drive, Malvern, Pennsylvania 19355 (the "Malvern Lease").  The Malvern Lease is currently set to expire on November 27, 2032.  In 2023, the Debtors paid approximately $19,000 per month in rent, plus expenses, under the Malvern Lease.

**The Sale of the Debtors' Assets**

10.      As the Court is aware, the Debtors commenced these Chapter 11 Cases to conduct a value maximizing sale process for substantially all of their operating assets.  In furtherance of that objective, on January 11, 2024, the Court entered the *Order (I)(A) Approving the Bid Procedures; (B) Authorizing the Debtors to Select JN Bidco LLC as the Stalking Horse Purchaser Substantially Along the Terms Defined in the Stalking Horse APA and Approving Bid Protections; (C) Establishing Bid Deadlines, an Auction, and a Sale Hearing; (D) Approving the Form and Manner of Sale Notice; (E) Approving Assignment and Assumption Procedures; (F) Approving the Form and Manner of Potential Assumption and Assignment Notice; (II)(A) Authorizing the Sale of the Assets Free and Clear; and (B) Approving the Assumption and Assignment of Designated Contracts; and (III) Granting Related Relief* [Docket No. 137] (the "Bid Procedures Order").  The Bid Procedures Order, among other things, approved the bidding procedures to be employed by the Debtors in conducting a public sale of substantially all of their assets (collectively, the "Transferred Assets").

11.     The Debtors did not receive any qualified bids other than the Stalking Horse Bid.

12.     On February 2, 2024, the Court entered the *Order (I) Approving the Sale of the Debtors' Assets, (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (III) Granting Related Relief* [Docket No. 207] (the "Sale Order"), approving, among other things, the sale of Transferred Assets and the assumption and assignment of certain executory contracts.

13.     The sale of the Transferred Assets (the "Sale") closed on February 12, 2024 [Docket No. 228].

14.     Now that the Debtors have sold substantially all of their assets, they no longer need the Leases to support their business operations.  Accordingly, the Debtors seek to reject the Leases, effective as of the Rejection Date.  **All parties receiving this Motion should locate their names and contracts or leases listed in Exhibit 1 to the Order and determine whether the Debtors are seeking to reject their leases.**

**Personal Property to be Abandoned**

15.     To the extent that any Personal Property remains at the Properties as of the Rejection Date, the Debtors have evaluated such Personal Property and have determined either that (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates. The Personal Property, if any, will no longer be necessary for the administration of the Debtors' estates because the Debtors are no longer using the leased space at the Properties to conduct any operations.

16.     To reduce postpetition administration costs and in the exercise of the Debtors' sound business judgment, the abandonment of the Personal Property that may be located at the

Properties, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

### Basis for Relief Requested

**A.    Rejection of the Leases is Supported by the Debtors' Sound Business Judgment**

17.    Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).

18.    Courts evaluate a decision to reject an executory contract or unexpired lease under the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that the question whether a lease should be rejected is one of business judgment") (internal quotations omitted); *see also Lifemark Hospitals, Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters., Inc.)*, 304 F.3d 410, 438 (5th Cir. 2002); *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test.").

19.    The standard is satisfied if the debtor determines in its business judgment that the rejection of the contract or lease would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) (citing *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046–47 (4th Cir. 1985)); *In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate." (citation omitted)); *Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate).

20.     The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim, or caprice. *In re Pisces Energy*, 2009 WL 7227880, at *6; *In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").  If the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., Richmond Leasing*, 762 F.2d at 1309; *In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009), aff'd, 662 F.3d 315 (5th Cir. 2011) ("In the absence of a showing of bad faith or an abuse of business discretion, the debtor's business judgment will not be altered").

21.     Rejection under section 365 of the Bankruptcy Code is intended to enable the debtor to relieve its estate from burdensome and unprofitable contracts. *Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("[Section 365] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed") (quoting *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

22.     Here, the Debtors have determined, in a reasonable exercise of their business judgment, that the rejection of the Leases is in the best interest of their estates, creditors, and other stakeholders.  The Debtors have sold substantially all of their assets.  The Leases, however, were not included among the Transferred Assets and it is likely that no other party will seek to acquire the Leases.  After the Sale of the Transferred Assets, the Debtors are no longer operating, and rejection of the Leases will represent a significant monthly cost savings to the Debtors' estates moving forward.

23.     Accordingly, continued performance under the Leases would constitute an unnecessary depletion of value of the Debtors' estates.

**B.      Rejection of the Leases as of the Rejection Date is Appropriate**

24.     Under sections 105(a) and 365(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case.  *See, e.g., In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case).

25.     Here, the Debtors submit that it is appropriate for the Court to order that the effective date of the rejection is the Rejection Date (i.e., the date this Motion was filed).  The balance of the equities favors this outcome.  The Debtors' Sale to the purchaser closed on February 12, 2024.  The Debtors are no longer operating their businesses or utilizing the Properties.  The Debtors, with the assistance of their advisors, have determined to reject the Leases after thoroughly reviewing the Leases, analyzing the costs and benefits, and determining that the Leases do not serve any purpose for the estates following the Sale and therefore have no future value to the estates.  Without a retroactive date of rejection, the Debtors may be forced to incur unnecessary charges and contractual obligations, to the detriment of their creditors and other stakeholders.  The landlords to the Leases will receive prompt notice of this Motion and have sufficient opportunity

to respond and/or otherwise act accordingly.  Further, the Debtors have surrendered the premises to each of the landlords as of the date of this Motion.

26.     Accordingly, for these reasons, the Debtors submit that it is fair and equitable for the Court to deem the Leases rejected as of the Rejection Date.

**C.     The Abandonment of Personal Property is Appropriate**

27.     The abandonment of Personal Property is appropriate and authorized by the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a). Courts generally give a debtor in possession great deference to its decision to abandon property. *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment.  *Id.*

28.     The Debtors anticipate that Personal Property could remain on the Properties where removal would not be feasible and/or would provide nominal or no value to the Debtors or their estates.  Therefore, this Court should find that authority to abandon the Personal Property in accordance with section 554(a) of the Bankruptcy Code is warranted.

**D.     Rejection Damages Claims Bar Date**

29.     Through this Motion, the Debtors request that the Order require any counterparty to rejected executory contracts or leases to assert a rejection damage claim under Bankruptcy Code section 502, or other claims in connection with the rejected executory contracts, including the

Leases, within thirty days of the Order being entered, with all rejection claims that are not filed

within the thirty days after entry of the order being barred.

## Compliance with Bankruptcy Rule 6006(f)

30.    Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple

executory contracts or unexpired leases that are not each between the same parties.  Bankruptcy

Rule 6006(f) states, in part, that such a motion shall:

    a.  state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.  list parties alphabetically and identify the corresponding contract or lease;

    c.  specify the terms, including the curing of defaults, for each requested assumption or assignment;

    d.  specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    e.  be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    f.  be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. R. 6006(f).  The Debtors submit that the this motion and the relief requested herein

complies with the requirements of Bankruptcy Rule 6006(f).

31.    For all the reasons set forth herein, the Debtors submit that the rejection of the

Leases effective as of the Rejection Date, is supported by sound business judgment, and is

necessary, prudent, and in the best interests of the Debtors, their estates, and creditors and other

parties-in-interest.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

32.    The Debtors request that the Court enter an order providing that notice of the relief

requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to

exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h), which is
necessary to implement the relief requested in this motion.

### Reservation of Rights

33.     Nothing contained herein or any action taken pursuant to relief requested is
intended to be or shall be construed as (a) an admission as to the amount of, basis for, or validity
of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy
law; (b) a waiver of the Debtors' or any party in interest's rights to dispute any claim or interest
on any grounds; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any
other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) an
implication or admission that any particular claim is of a type specified or defined in this motion
or any order granting the relief requested in this motion or a finding that any particular claim is an
administrative expense claim or other priority claim; (f) a request for or approval to assume or
adopt any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy
Code; or (g) an admission as to the validity, priority, enforceability, or perfection of any lien on,
security interest in, or other encumbrance on property of the Debtors' estates.  Likewise, if the
Court grants the relief sought herein, any payment made pursuant to the Court's order is not
intended to be and should not be construed as an admission to the validity of any claim or a waiver
of the Debtors' or any party in interest's rights to subsequently dispute such claim.

### Notice

34.     The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee
for the Northern District of Texas; (b) the holders of the thirty (30) largest unsecured claims against
the Debtors (on a consolidated basis); (c) Oaktree Fund Administration, LLC as agent to the
Debtors' secured lenders, and counsel thereto; (d) the United States Attorney's Office for the
Northern District of Texas; (e) the Food and Drug Administration; (f) the Internal Revenue

Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which Debtors conduct business; (i) each of the counterparties to the Leases listed on Exhibit 1 to the Order; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  No other or further notice is needed in light of the nature of the relief requested.

[<em>Remainder of page intentionally left blank.</em>]

The Debtors request entry of the Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: February 29, 2024
Dallas, Texas

**SIDLEY AUSTIN LLP**

_/s/ Rakhee V. Patel_

Samuel A. Newman (admitted _pro hac vice_)
555 West Fifth Street
Los Angeles, California 90013
Telephone:    (213) 896-6000
Facsimile:     (213) 896-6600
Email:          sam.newman@sidley.com

Rakhee V. Patel (TX Bar No. 00797213)
Nathan C. Elner (admitted _pro hac vice_)
Parker G. Embry (TX Bar No. 24126826)
Chelsea M. McManus (TX Bar No. 24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    (214) 981-3300
Facsimile:     (214) 981-3400
Email:          rpatel@sidley.com
                    nelner@sidley.com
                    parker.embry@sidley.com
                    cmcmanus@sidley.com

Jackson T. Garvey (admitted _pro hac vice_)
One South Dearborn
Chicago, IL 60603
Telephone:    (312) 853-7000
Facsimile:     (312) 853-7036
Email:          jgarvey@sidley.com

_Counsel to the Debtors and Debtors in Possession_

## Certificate of Service

I certify that on February 29, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Rakhee V. Patel*
Rakhee V. Patel

## Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPEL PHARMACEUTICALS INC., *et al.*,[1] | Case No. 23-80016 (SGJ) |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO
(A) REJECT CERTAIN LEASES OF NON-RESIDENTIAL REAL
PROPERTY EFFECTIVE AS OF FEBRUARY 29, 2024 AND (B) ABANDON
CERTAIN PERSONAL PROPERTY, AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to (a) reject the Leases effective as of the Rejection Date, and (b) to abandon the Personal Property, and (ii) granting related relief, each as more fully set forth in the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  Impel Pharmaceuticals Inc. (8238); and Impel NeuroPharma Australia Pty Ltd (N/A).  The Debtors' service address is 280 Park Avenue, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.    The Motion is GRANTED as set forth herein.

2.    Pursuant to Bankruptcy Code section 365, the Leases, as set forth on Exhibit 1 hereto, are rejected by the Debtors effective as of the Rejection Date.

3.    The Debtors are authorized to abandon any Personal Property located on the Properties free and clear of all liens, claims, encumbrances, interests, and rights of the Debtors, and all such property is deemed abandoned effective as of the Rejection Date. The applicable counterparty to the Leases are authorized to dispose of the abandoned Personal Property without notice or liability to any party

4.    This Order is binding on the Debtors and counterparties to the Leases.

5.      The counterparties to the Leases shall have thirty (30) days from the date of entry

of this Order (the "Rejection Damages Bar Date") to file any claim for damages arising from the

rejection of the Leases in the manner specified in Paragraph 9 of the Court's *Order (I) Setting Bar*

*Dates for Filing Proofs of Claim; (II) Approving the Form and Matter for Filing Proofs of Claim,*

*(III) Approving the Notice of Bar Dates, and (III) Granting Related Relief* [Docket No. 142].  If

proofs of claim are not received by Omni on or before the Rejection Damages Bar Date, the holders

of the underlying claims shall be barred from asserting such claims against the Debtors and

precluded from voting on any chapter 11 plans filed in these chapter 11 cases and/or receiving

distributions from the Debtors on account of such claims in these chapter 11 cases.

6.      Nothing herein shall prohibit the Debtors from filing additional motions to reject

executory contracts or unexpired leases.

7.      Nothing herein shall impair, prejudice, waive, or otherwise affect any rights of the

Debtors to object to any claim related to or arising out of the Leases, including, without limitation,

to argue that any claims for damages arising from the rejection of the Leases are limited to the

remedies available under any applicable termination provisions of the Leases.

8.      Notice of the Motion as set forth therein shall be deemed good and sufficient notice

of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are

satisfied by such notice.

9.      Notwithstanding Bankruptcy Rules 6004(h), 7062 or 9014, the terms and

conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     Notwithstanding the relief granted herein and any actions taken pursuant to such

relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, priority,

or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable

nonbankruptcy law; (b) a waiver of the Debtors' or any party in interest's rights to dispute any claim or interest on any grounds; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) an implication or admission that any particular claim is of a type specified or defined in this order or any other order granting the relief requested in this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (f) a request for or approval to assume or adopt any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  Any payment made pursuant to this order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all such reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # # END OF ORDER # # #

Submitted By:

**SIDLEY AUSTIN LLP**

Samuel A. Newman (*pro hac vice* pending)
555 West Fifth Street
Los Angeles, California 90013
Telephone:      (213) 896-6000
Facsimile:      (213) 896-6600
Email:          sam.newman@sidley.com

Rakhee V. Patel (TX Bar No. 00797213)
Nathan C. Elner (*pro hac vice* pending)
Parker G. Embry (TX Bar No. 24126826)
Chelsea M. McManus (TX Bar No. 24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:      (214) 981-3300
Facsimile:      (214) 981-3400
Email:          rpatel@sidley.com
                nelner@sidley.com
                parker.embry@sidley.com
                cmcmanus@sidley.com

Jackson T. Garvey (*pro hac vice* pending)
One South Dearborn
Chicago, IL 60603
Telephone:      (312) 853-7000
Facsimile:      (312) 853-7036
Email:          jgarvey@sidley.com

*Counsel to the Debtors and Debtors in Possession*

# Exhibit 1

**Rejected Leases**

**Rejected Leases**

| Debtor | Landlord | Contract Title | Landlord Address |
|---|---|---|---|
| Impel Pharmaceutical Inc. | BMR-201 Elliot Avenue LLC | Lease | 17190 Barnardo Center Drive, San Diego, California 92128 Attn: Legal Department |
| Impel Pharmaceutical Inc. | BOF II PA Lindenwood LLC | Office Lease | Five Concourse Parkway, Suite 500, Atlanta, Georgia 30328 |