Lisa L. Lambert
Assistant U.S. Trustee, TX 11844250
Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, Texas 75242
(214) 767-1080
Lisa.L.Lambert@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-80016 |
| | § | CHAPTER 11 |
| IMPEL PHARMECEUTICALS, INC | § | |
| DEBTORS | § | (Jointly Administered) |
| | § | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE DEBTORS' FIRST
AMENDED CHAPTER 11 PLAN AND PLAN SUPPLEMENT**
[Docket Nos. 244 and 286]

TO THE HONORABLE STACEY G. JERNIGAN,
CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT:

Kevin M. Epstein, the United States Trustee for Region 6 (the "U.S. Trustee"), files this limited objection to the *Debtors' First Amended Chapter 11 Plan* and the *Plan Supplement. Docket Nos. 244 and 286*. In support of this Limited Objection, the U.S. Trustee respectfully represents the following:

**INTRODUCTION**

1. This Limited Objection challenges broad exculpation and releases sought by Impel Pharmaceuticals and its related entity (collectively referred to as the "Debtors")

2. The Debtor seeks indemnification and releases for the officers and debtors' professionals in contravention of Fifth Circuit law. *See NexPoint Advisors, L.P. v. Highland Cap. Mgmt. L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419, 437–38 (5th Cir. 2022). The Fifth

1

Circuit, in its decision in *Highland Capital*, cabined exculpation coverage under a Chapter 11 plan is limited only to a debtor, an official committee and its members, and in rare circumstances -- that are not present here -- independent directors appointed by court order to act as a bankruptcy trustee pursuant to a court order.[1] The controlling case law in this jurisdiction prohibits non-consensual third party limitations of liability against non-debtors.

3. In addition to the pre-confirmation professional and officer provisions, the Debtor seeks to expand the exculpation and releases post-confirmation to the Plan Administrator through a legal fiction that the Plan Administrator is appointed by the Court.

4. Routinely-employed officers of a debtor and a Plan Administrator should not receive qualified immunity, guised as exculpation.

5. As a matter of law, the Fifth Circuit has disallowed releases and exculpation for the Debtors' professionals. The Debtors' professionals have sufficient protection through the final fee orders.

6. The Debtors should remove the Debtors' professionals, officers, and Plan Administrator from the definition of "Exculpated Parties" or deny confirmation of the Plan.

**JURISDICTION, VENUE, AND**
**CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER**

7. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

---

[1] In providing coverage for the independent directors in *Highland Capital*, the Fifth Circuit noted that the bankruptcy courts governance order addressed in its decision was "nontraditional" indicating that a corporate governance order directing the appointment of directors by a bankruptcy court was an unusual circumstance and not the norm. *Highland Cap.*, 48 F.4th at 437.

2

8.   This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

9.   Kevin M. Epstein has been appointed the U.S. Trustee for Region 6. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

10.   The U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

11.   In this case, the U.S. Trustee was unable to appoint a committee of unsecured creditors.

## BACKGROUND

12.   On February 25, 2024, the Debtors filed the First Amended Plan. *Docket No. 244*.

13.   On February 27, 2024, the Court entered an order conditionally approving the disclosure statement and the solicitation procedures. *Docket No. 260*.

14.   On March 20, 2024, in accordance with the deadline in the order conditionally approving the disclosure statement, the Debtors filed their Plan Supplement. Docket No. 286.

**Relevant Plan Provisions:**

15.   "Exculpated Parties means collectively, (a) the Debtors and Wind-Down Debtors, (b) any Statutory Committee and each of its members, (c) *the Debtors' Professionals, including Sidley Austin LLP, Fenwick & West LLP, Teneo Capital LLC, Moelis & Company, and Omni Agent Solutions, and the Professionals of any Statutory Committee, and (d) any directors and officers of the Debtors as of the Petition Date. Plan, Docket No. 244, p. 12 of 54 (emphasis added)*.

16. "'Released Party' means collectively the Releasing Parties and each of their and their affiliates' respective predecessors, successors, assigns, subsidiaries, affiliates, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, *financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals*, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such, provided that, in each case, an Entity shall not be a Released Party if it: (a) elects to opt out of the releases contained in the Plan, or (b) files with the Bankruptcy Court an objection to the Plan that is not consensually resolved before Confirmation or supports any such objection or objector." *First Amended Plan, Docket No. 244, p. 16 of 54 (emphasis added)*.

17. The opt-out voting option applies only to releases and not indemnification.

18. The plan specifies that the bankruptcy estate ceases and property revests in the Debtors for allocation to the plan trust administered by the Plan Administrator. *First Amended Plan, Docket No. 244, p. 21.*

**Relevant Plan Supplement Provisions:**

19. After voting was underway, the Debtors filed their plan supplement. *Plan Supplement, Docket No. 286.*

20. The Plan Supplement names Brandon Smith, the Debtor's CRO, as the Plan Administrator.

21. The Plan Supplement contemplates that Brandon Smith may name a successor or, if a dispute arises, the parties may go to the Court for approval of a successor. *Plan Supplement, Docket No. 286, pp. 7-8 of 22.*

22. The Plan Administrator's fees and expenses are not subject to court review.

23. The Plan Supplement provides: "<u>Limitation of Liability.</u> The Plan Administrator shall be deemed a judicial officer for purposes of immunity from civil action. No Holder of a Claim or Interest or representative thereof shall have or pursue any Cause of Action against the Plan Administrator or the Post-Effective Date Indemnified Parties for taking any action in accordance with, or to implement the provisions of, the Plan, this Agreement, the Confirmation Order, or any order of the Bankruptcy Court other than for actions or omissions as a result of willful misconduct, gross negligence, or fraud. All Persons and Entities shall look solely to the Plan Administrator Assets for satisfaction of claims of any nature arising in connection with the affairs of the Plan administrator or claims against the Plan Administrator or the Post-Effective Date Indemnified Parties, and there shall be no personal obligation to satisfy such liabilities." *Plan Supplement, Docket No. 286, pp. 7-8 of 22; Para. 2.15.*

24. The Plan Supplement affords additional Plan Administrator protections. "<u>Administration Exculpation and Indemnification</u>. The Plan Administrator and all professionals retained by the Plan Administrator (collectively, the "Post-Effective Date Indemnified Parties"), each in their capacities as such, shall be deemed exculpated and indemnified, to the fullest extent of the law, in all respects by the Debtors, solely from the Plan Administrator Assets, for any losses, claims, damages, liabilities, and expenses, including reasonable attorneys' fees, disbursements, and related expenses which may incur or to which the Post-Effective Date Indemnified Parties may become subject in connection with any action, suit, proceeding, or investigation brought or threatened against one or more of the Post-Effective Date Indemnified Parties on accounts of the acts or omissions of the Plan Administrator solely in its capacity as such; provided, however, that the Post-Effective Date Indemnified Parties shall not be entitled to any indemnification for actions

5

or omissions that result in willful misconduct, gross negligence, or fraud." *Plan Supplement, Docket No. 286, pp. 7-8 of 22; Para. 2.14.*

## OBJECTION

### A. Statutory Standards for Confirmation

25. Section 1129 of the Bankruptcy Code outlines the requirements to confirm a chapter 11 bankruptcy plan. In relevant part, § 1129(a)(1) and (3) state that the Court shall confirm the plan if it complies with the applicable provisions of the Bankruptcy Code and is not proposed by any means forbidden by law. Here, section 524(e) is violated, so the plan cannot be confirmed.

### B. The Exculpation Provisions in the First Amended Plan Exceed Fifth Circuit Permission Authorization.

26. In *Highland Capital*, the Fifth Circuit reaffirmed its prior interpretations of section 524 of the Bankruptcy Code as set forth in cases such as *Bank of New York Trust Company, NA v. Official Unsecured Creditors' Committee* (*In re Pacific Lumber Co.*) 584 F.3d 229 (5th Cir. 2009). "[A]ny exculpation in a Chapter 11 plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties" *Highland Cap. Mgmt., L.P.*, 48 F.4th at 437.

27. Specifically, the Fifth Circuit in *Highland Capital* analyzed whether the independent directors could be exculpated and reached the following conclusion:

> That leaves one remaining question: whether the bankruptcy court can exculpate the Independent Directors under *Pacific Lumber*. We answer in the affirmative. As the bankruptcy court's governance order clarified, nontraditional as it may be, the Independent Directors were appointed to act together as the bankruptcy trustee for Highland Capital. Like a debtor-in-possession, the Independent Directors are entitled to all the rights and powers of a trustee. See 11 U.S.C. § 1107(a); 7 COLLIER ON BANKRUPTCY ¶ 1101.01. It follows that the Independent Directors are entitled to the limited qualified immunity for any actions short of gross negligence. *See In re Hilal*, 534 F.3d at 501. Under this unique governance

6

    structure, the bankruptcy court legally exculpated the Independent Directors.

*In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 437.

    28.    The Fifth Circuit in *Highland Capital* held, in a narrow interpretation, that independent directors appointed by the bankruptcy court —under a unique governance structure— to act together as a bankruptcy trustee for Highland Capital were entitled to exculpation under the plan. *Id.* at 437. In the present case, the officers are not court-appointed, and the Debtors did not have the "unique governance structure" where the United States Trustee had sought the appointment of a bankruptcy trustee.

    29.    With respect to whether an officer is entitled to qualified immunity under *Highland Capital*, the Fifth Circuit held that officers, such as the chief executive officer, the chief restructuring officer, and the debtor's employees are not entitled to exculpation.

> As it stands, the Plan's exculpation provision extends to Highland Capital and **its employees and CEO**; Strand; the Reorganized Debtor and HCMLP GP LLC; the Independent Directors; the Committee and its members; the Claimant Trust, its trustee, and the members of its Oversight Board; the Litigation Sub-Trust and its trustee; professionals retained by the Highland Capital and the Committee in this case; and all "Related Persons." Consistent with § 524(e), **we strike all exculpated parties from the Plan except Highland Capital, the Committee and its members, and the Independent Directors.**

*In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 438 (emphasis added).

**The Officers Cannot Be Exculpated:**

    30.    Here, the First Amended Plan provides broad exculpation coverage for the Debtors' officers, including the Chief Restructuring Officer. However, under Fifth Circuit precedent, there is no statutory authority to exculpate these non-debtor parties. Additionally, these Chapter 11 cases lack any evidence showing a unique corporate structure that would warrant exculpating a non-debtor party beyond that of the Debtors, the Committee, and its members. Thus, to be consistent

7

with the Fifth Circuit's mandate in *Pacific Lumber* and *Highland Capital*, the Debtor's officers must be removed from the definition of "Exculpated Parties" in the First Amended Plan.

**The Professionals should not be exculpated and released because the final fee order protects them.**

31. Similarly, the First Amended Plan seeks to exculpate and release the Debtor's professionals. In *Pacific Lumber* and *Highland Capital*, the Court struck such provisions as exceeding section 524(e). To the extent that the Debtor advocates such provisions should be assumed through other contracts and incorporated into the plan, that assumption contravenes section 524(e) and therefore is not in the interest of the estate or its creditors.

32. With respect to the Debtors' attorneys, as estate professionals representing interests beyond the Debtors' interests, they should not negotiate their own releases even if creditors vote on those releases. *Tex. R Disciplinary P. 1.08 Conflict of Interest: Prohibited Transactions; ABA Model Rule 1.8.*

33. The Fifth Circuit has recognized that final fee orders preclude other types of litigation against bankruptcy professionals. *E.g. Intelogic Trace v. (In re Intelogic Trace),* 200 F.3d 382, 390-91 (5th Cir. 2000); *Southmark Corp. v. Coopers Lybrand (In re Southmark),* 163 F.3d 925, 932-33 (5th Cir. 1999). The fee objection process should be preserved so that no one may argue that releases bar fee objections. At the same time, the releases are redundant once the order is obtained.

**The Plan Administrator is not court-appointed, and he should not be exculpated.**

34. Finally, the plan administrator should not be exculpated because he is not a court-appointed agent. Despite the parties' attempt to label him as a court-appointed official, the parties have selected him contractually, and in most situations he could choose his own replacement. He

hires his own professionals, and his compensation and their compensation falls outside the Court's authority. He has broad discretion to invest assets in ways that section 345 cabins.

35. Moreover, exculpation provisions must be temporally limited to the period from the Petition Date to the Effective Date. "Exculpation clauses generally only exculpate those actions taken in connection with a bankruptcy case between the petition date and the effective date of the plan." *In re Fraser's Boiler Serv., Inc.*, 593 B.R. 636, 640 (Bankr. W.D. Wash. 2018) (holding scope of Ninth Circuit's broader indemnification precedent still limited by type of litigation claim and by temporal limitations and citing string of cases for temporal limitation). *Pacific Lumber* and *Highland Capital* recognize that exculpation must be linked to statutorily-defined bankruptcy duties. *Highland Cap. Mgmt., L.P.,* 48 F.4th at 437.

36. Here, the Debtors seek to spiral the Plan Administrator into the *Highland Capital* court-authorized officers. But qualified-immunity, the standard for the Fifth Circuit-approved releases, exists only during the bankruptcy case. Debtors provided no legal basis as to the Court's authority to provide qualified-immunity for conduct after the effective date. The revesting of property and the alterations of bankruptcy standards evidence that these post-confirmation provisions are more contracts or trusts as permitted by state law. The Bankruptcy Court and state courts have coextensive jurisdiction to determine disputes about their interpretation, though often the Bankruptcy Court opts to exercise that jurisdiction.

37. Both the scope and the timing of the Plan Administrator's involvement evidence that he falls outside the parameters for exculpation. For these reasons, the exculpation for the Plan Administrator should be denied.

## CONCLUSION

Wherefore, the United States Trustee respectfully requests that the Court deny confirmation of the First Amended Plan unless the Debtors remove the indemnification for the officers, Debtors' professionals, and Plan Administrator and the releases for the Debtors' Professionals, and the Court should grant further proper relief.

Dated: March 27, 2024

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

*/s/ Lisa L. Lambert*
Lisa L. Lambert
Asst. U.S. Trustee (TX 11844250)
United States Department of Justice
Office of the United States Trustee
1100 Commerce, Room 976
Dallas, TX 75242
(214) 767-1080
Lisa.L.Lambert@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 27th day of March 2024.

*/s/ Lisa L. Lambert*
Lisa L. Lambert